HARRY SILVERSTEIN, complainant-respondent,

*v.*

J. McALLISTER & SONS, defendant-respondent, and IRA C. JONES & COMPANY, defendant-appellant.

[Submitted February term, 1932. Decided May 16th, 1932.]

436

*Mr. Louis Auerbacher, Jr.,* for the complainant-respondent.

*Mr. Leon C. Cone,* for the defendant-respondent.

*Mr. J. Glenn Anderson,* for the defendant-appellant.

The opinion of the court was delivered by

LLOYD, J.

Harry Silverstein had in his possession a fund, the proceeds of a suit for damages, belonging to Clark Lewis and Nettie Lewis, his wife. Claims were made upon this fund by the appellant, Ira C. Jones & Company, and a like claim by the respondent J. McAllister & Sons. In this situation Silverstein filed his bill in the court of chancery praying that the claimants interplead respecting the fund and a decree by the consent of both parties was made directing such interpleader.

Without formal pleading the parties presented their respective claims to the fund and gave such evidence in support of their respective claims as they deemed wise. On behalf of the McAllister company the record of a judgment in the Morris county common pleas court against the Lewises, amounting to $951.86, and the record of an execution bearing date the second day of April, 1930, thereon were offered in evidence. The under-sheriff of Morris county testified to having made a levy under this execution of all the right, title, interest and credit of the Lewises in the sum of money in the hands of Silverstein.

The Jones company claimed to be entitled by virtue of an attachment which it claimed to have issued from the district court of Irvington and much proof of an oral character was made respecting this alleged attachment. No record of the attachment is presented in the state of the case, nor was there proof otherwise, as we think, sufficient to sustain the claim of the appellant in the interpleader proceedings.

In this situation the fund which had been paid into court by Silverstein was awarded to the McAllister company, the claim of that company being sufficient to take the entire fund. The Jones company appeals and on this appeal urges that the execution on the McAllister judgment was ineffective because the attachment was not made in conformity with chapter 115 of the laws of 1915.

It is sufficient to say that this objection was not raised in the court below, the grounds there urged being that the levy was ineffective because there had not been, at the time of the hearing, a return to the writ of execution. . Not having been made in the trial court, it is not available here.

Even were the situation otherwise we fail to see that the appellant is aggrieved by the decree. The fund was in the hands of the court for distribution to such of the parties as had valid claim thereon. Unless the Jones company had presented a valid claim it had no interest in the fund, no standing to ask an award in its own favor or to object to an award to the McAllister company. It was, therefore, not a party aggrieved by the decree, and is without substantial ground for appeal to this court.

The decree.is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.